UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------

PATRICK ALLEN TRACY,

                                Petitioner,

                 -v.-                                                9:04-CV-0547
                                                                         (NAM)(DRH)

NEW YORK STATE ATTORNEY GENERAL,

                                Respondent.

-----------------------------------------------------------------

**APPEARANCES:**                                       **OF COUNSEL:**

PATRICK ALLEN TRACY
Petitioner, *pro se*
06499028
FCI Sandstone
PO Box 1000
Sandstone, MN 55072-1000

HON. ELIOT SPITZER                           ALYSON J. GILL, ESQ.
Office of the Attorney General
120 Broadway
New York, NY 10271

DAVID R. HOMER, U.S. MAGISTRATE JUDGE

### ORDER

Presently before the Court is a second request from petitioner Patrick Tracy ("petitioner" or "Tracy") to schedule an evidentiary hearing in this matter. Docket No. 25. Tracy is presently confined at the FCI Sandstone. Petitioner filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on May 13, 2004. The respondent filed its response to the petition on December 6, 2004. Petitioner filed his traverse on January 10, 2005. The respondent has not filed a response to this motion.

In this Circuit, the filing of a habeas petition does not entitle the petitioner automatically to a hearing. *See Newfield v. United States*, 565 F.2d 203, 207-08 (2d Cir. 1977). Whether to hold an evidentiary hearing is within the discretion of the Court.

*Pagan v. Keane*, 984 F.2d 61, 63 (2d Cir. 1993).  To warrant a hearing, the petitioner must set forth detailed and controverted issues of fact that, if proved at a hearing, would entitle the petitioner to relief.

While the respondent has filed their papers in opposition to the petition, those papers, together with state court records, are under review by the Court.  The Court has not yet determined whether an evidentiary hearing is required in this action.  Further, Tracy has failed to provide the Court with any information that would warrant the review of the petition before me other than in its ordinary course.  Tracy's habeas petition will be addressed in due course and the Court will determine whether a hearing is warranted in this matter.  Petitioner's request is therefore denied without prejudice.

WHEREFORE, it is hereby

ORDERED, that petitioner's second request to schedule an evidentiary hearing herein (Docket No. 25) is denied without prejudice, and it is further

ORDERED, that the Clerk serve a copy of this Order on the parties by regular mail.

IT IS SO ORDERED.

Dated:      April 22, 2005

David R. Homer
U.S. Magistrate Judge

2